# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMIE L. RICE; RICCARDO F. INGRADDIA,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MORTGAGE LENDER SERVICES, INC. et al.,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-02809-APG-GWF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 10) |

　　　　The plaintiffs defaulted on a line of credit secured by their home, and when the loan's servicers threatened to foreclose, the plaintiffs filed this lawsuit against them. The plaintiffs allege a litany of statutory and common law violations against the defendants. The defendants move to dismiss, arguing that the plaintiffs fail to provide supporting facts for most of their claims, and the facts they do allege fail to state valid causes of action. I agree.

　　　　I am sensitive to the challenges faced by pro se litigants, but they must still comply with the Federal Rules of Civil Procedure. The plaintiffs do not even oppose the defendants' motion as to most of their claims (such as their Fair Debt Collection Practices Act claim), so they consented to the defendants' motion on those points. At any rate, the plaintiffs' primary legal theory is that the defendants have no authority to foreclose on their home. But Nevada law bars the plaintiffs from challenging the defendants' authority to foreclose at this stage. I therefore dismiss the plaintiffs' claims.

## II. ANALYSIS

### A. Motions to Dismiss

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[2] "Factual allegations must be enough to rise above the speculative level."[3] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[4]

The plaintiffs argue that a more lenient standard applies to them because they are litigating this case pro se. But though a pro se litigant's complaint is held "to less stringent standards than formal pleadings drafted by lawyers,"[5] it nevertheless must comply with the federal rules.[6]

### B. The plaintiffs fail to allege any plausible claims.

As a preliminary note, the plaintiffs do not oppose the defendants' motion as to several of the claims. Under our local rules, that means that they consent to dismissal of these claims.[7] The plaintiffs do not meaningfully oppose the defendants' arguments related to the FDCPA claim, the RESPA claim, the Nevada Deceptive Trade Practices claim, the fraudulent documents claim, or their rescission claim.

Even if they had defended these claims, the complaint is devoid of any specific allegations making them plausible. The bulk of these claims consists of snippets of statutes or other

---

[1] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[3] *Twombly*, 550 U.S. at 555.

[4] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

[5] *Hanines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

[7] Local Rule 7-2(d).

authorities and conclusory statements I must ignore for purposes of dismissal, such as that the defendants use "abusive, deceptive, and unfair debt collection practices."[8] I thus turn to the lone claim for which the plaintiffs provide an opposition: that the defendants have no right to foreclose on their home and that title should thus be quieted in the plaintiffs' names.

The quiet title claim fails out of the gate. The Nevada Supreme Court has explained that unless a plaintiff alleges "that they paid off the[ir] loan or . . . [were] not in default on that loan, they [have] no basis upon which to maintain an action for quiet title."[9] Given that the plaintiffs allege neither that they paid off their loan or otherwise cured their default, they have no standing to quiet title.

As to the plaintiffs' challenge to the defendants' ability to foreclose, that claim is infirm as well. The plaintiffs contend that there is a problem with the defendants' chain of title, and that none of them has the authority to foreclose on the property. Courts have routinely rejected conclusory challenges to non-judicial foreclosure sales premised on the purported improper assignment of loans. Indeed, because they remain in default, the plaintiffs have no standing to challenge the assignment process.[10] Some courts have allowed borrowers to challenge a foreclosure even if they remain in default, but only when the foreclosure has already taken place.[11] The Ninth Circuit has held that borrowers generally cannot challenge the foreclosing entity's right to foreclose prior to the foreclosure actually happening.[12]

In any event, examining all of the documents referenced in the complaint or recorded with the county (of which I may take judicial notice), I can find no deficiency in the assignments of the Deed of Trust. Each party was authorized to act as it did. The plaintiffs contend that defendant

---

[8] ECF No. 1 at 5.

[9] *Seiler v. JP Morgan Chase Bank, N.A.*, 2014 WL 504780, at *1 (Nev. Jan. 21, 2014).

[10] *Wong v. Countrywide Home Loans, Inc.*, 2016 WL 755472, at *2 (D. Nev. Feb. 23, 2016).

[11] *Nguyen v. J.P. Morgan Chase Bank, N.A.*, 669 F. App'x 347 (9th Cir. 2016) (relying on *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845 (2016), which discusses caselaw in this area).

[12] *Id.*

Mortgage Lender Services cannot foreclose because it does not hold the Note, but this entity is the trustee listed on the Deed of Trust and that is what empowers it to foreclose.[13] The plaintiffs offer no authority or explanation for why the original lender for their loan must be the one that forecloses on the property.

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 10) is GRANTED**.  The Clerk of Court is ordered to close this case.

DATED this 21st day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[13] Nev. Rev. Stat. 107.080.